**D. M. T., a juvenile under the age of eighteen (18) years, Petitioner,**

v.

**Robert EDMISTON, Special District Judge of the District Court, Tulsa County, Oklahoma, Respondent.**

No. P–76–771.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1977.

---

Ronald H. Mook, Tulsa, for petitioner.

S. M. Fallis, Jr., Dist. Atty., Ken Cunningham, Asst. Dist. Atty., Tulsa, for respondent.

## MEMORANDUM OPINION

BLISS, Judge:

This is an original proceeding wherein the Petitioner, D.M.T., a Juvenile Under the Age of Eighteen (18) Years, requests this Court assume original jurisdiction to prohibit the Tulsa County District Court from further proceedings in Case No. TR–76–6188, in which the Petitioner stands charged with the offense of Negligent Homicide, 47 O.S.1971, § 11–903.

On June 20, 1976, the Petitioner was charged with the offense set out above. On August 20, 1976, the Petitioner filed a Motion to Dismiss the Information and transfer further proceedings to the Juvenile Division of the District Court alleging that the District Court was without jurisdiction over the Petitioner because the Petitioner was sixteen (16) years of age and within the jurisdiction of the Juvenile Division of the District Court. The Respondent, the Honorable Robert Edmiston, Special District Judge of the District Court, Tulsa County, overruled said motion and jury trial was set for October 18, 1976. The Petitioner subsequently filed a Petition for Writ of Prohibition or in the alternative, a Writ of Mandamus in this Court. We declined to issue the requested Writ but entered a Rule to Show Cause which was set for hearing on October 20, 1976, and later continued to October 27, 1976. All further proceedings were stayed pending disposition by this Court.

The question presented herein is: "Under the facts of the instant case, may the Tulsa County District Court cause the Petitioner to stand trial for the charge of Negligent Homicide?"

■ The Petitioner contends that the crime of Negligent Homicide is not a violation of a State traffic law that is excepted from juvenile proceedings under 10 O.S. 1974 Supp., § 1112. We agree with this contention and find that Negligent Homicide, 47 O.S.1971, § 11–903, was not intended by the Legislature to be excepted from juvenile proceedings by 10 O.S.1974 Supp., § 1112, although the statute is placed within the Traffic Code.

■ The protective philosophy of juvenile proceedings is largely inapplicable to the ordinary traffic violation because no stigma attaches to the violator of most of the traffic laws. Treatment and social and psychological investigations under juvenile proceedings may be inappropriate for a single traffic violation. An adjudication as a delinquent for a traffic violation would subject the juvenile to the same range of dispositions as one who had committed a very serious offense. Mere statutory placement of a law will not control the purpose of the law, its scope, its implied criminality, or lack thereof. Each statute must be examined to determine its character. Those statutes to which a stigma of criminality attaches are within the jurisdiction of the Juvenile Division of the District Court.

The Juvenile Code mandates a liberal construction to effectuate the Code's purposes which are that the care, custody, and discipline of the Juvenile shall as nearly as possible approximate the care that should be given by the parents and, as far as practical, that a delinquent child shall not

be treated as a criminal. See 10 O.S.1971, § 1129.

■ For these reasons, violations of mere traffic laws and ordinances are excluded from the jurisdiction to the extent that a single violation is not a delinquent act but habitual violations will support an adjudication of delinquency. See 10 O.S.1975 Supp., § 1101(b) and 10 O.S.1974 Supp., § 1112. The phrase "Traffic Laws and Ordinances" requires definition and the Code provides none. It becomes, then, the duty of the Court to interpret this phrase so that it may be determined whether serious offenses such as Negligent Homicide fall within the scope of the traffic offenses excluded from the jurisdiction of the Juvenile Division of the District Court.

We hold that they do not. Negligent Homicide is a serious offense and merits the attention of the Juvenile Division of the District Court. An identifiable criminal stigma attaches to one found in violation of this crime and to those who suffer the punishment of incarceration possible under this statute. The purpose of the law is not mere traffic regulation. Negligent Homicide is a crime identifiable in common law. Social and psychological testing and treatment may be appropriate.

Laws such as the statute setting out the offense of Negligent Homicide and its punishment are primarily criminal in nature and usually malum in se. Traffic violations that are exempt from juvenile jurisdiction are, therefore, generally non-criminal in nature or malum prohibition. See 1 Perkins Criminal Law, (2nd ed. 1969), Pgs. 11–16, 73–82, and 784–798.

In *Atchley v. State,* Okl.Cr., 473 P.2d 286, at 290 (1970), we expressly stated:

"We . . . hold that Title 47 O.S. [1961], § 903, supersedes the Manslaughter statutes, 21 O.S. [1961], § 716, as it pertains to death by the *criminal negligence* of another by the driving of an automobile." [Emphasis Added]

We have clearly recognized this statute as being essentially criminal in nature. Incidental Legislative placement of this partic-

ular offense cannot transform the character of the offense of Negligent Homicide so as to allow it to fall within the traffic exception of the Juvenile Code, 10 O.S.1974 Supp., § 1112.

We hold that Negligent Homicide, 47 O.S. 1971, § 903, is not a traffic violation excepted from the jurisdiction of the Juvenile Division of the District Court and that the trial division of the District Court is without jurisdiction.

For the above and foregoing reasons, the Writ of Prohibition will issue and any further proceedings in the Tulsa County District Court, Case No. TR–76–6188, are prohibited and the District Court is ordered to transfer this cause to the Juvenile Division of the Tulsa County District Court.

BUSSEY, P. J., and BRETT, J., concur.