**Charles Arnold MOOK, Appellant,**

v.

**CITY OF TULSA, Appellee.**

**No. M–77–149.**

Court of Criminal Appeals of Oklahoma.

June 22, 1977.

Rehearing Denied July 8, 1977.

Gordon D. McAllister, Jr., David Cole, Legal Intern, Tulsa, for appellant.

Waldo F. Bales, City Atty., Richard J. Kallsnick, Asst. City Atty., Tulsa, for appellee.

## OPINION

**PER CURIAM:**

Appellant in this case, Charles Arnold Mook, a juvenile under the age of eighteen years, was charged, tried and convicted of Reckless Driving in violation of Title 37, Ordinance of the City of Tulsa, § 273, Case No. 219609 in the Tulsa Municipal Court. Sentence was fixed by jury at sixty (60) days in jail and a Twenty-five Dollar ($25.00) fine. Execution of sentence was stayed pending this appeal.

Charles Mook was arrested in Tulsa, Oklahoma on July 1, 1976, on said charge. Having been born March 4, 1960, he was sixteen years of age at the time of said arrest. Appellant was not certified to stand trial as an adult and for that reason has objected to the jurisdiction of the municipal court. Said objection was overruled by the trial court.

The question presented herein is whether a municipal court of record has

jurisdiction to sentence juveniles to incarceration for violation of municipal traffic ordinances. We hold that it does not.

■ In general, a child charged with having violated any state statute or municipal ordinance shall be tried in the juvenile division of the District Court rather than in a criminal action. The criminal division of the district court and the municipal court are free to exercise concurrent jurisdiction with the juvenile division in cases wherein children are charged with violations of state or municipal traffic laws or ordinances. Title 10 O.S.Supp.1974, 1112(a). To bring a child within the purview of the Juvenile Act, however, facts must be set forth in a petition to the district court showing that such child is either delinquent, in need of supervision, or dependent and neglected. See, 10 O.S.Supp.1972, § 1102; 10 O.S.Supp. 1976, § 1103. Title 10 O.S.Supp.1972, § 1101(b) defines "delinquent child" as follows:

"(1) a child who has violated any federal or state law or municipal ordinance, excepting a traffic statute or ordinance . . . or (2) a child who has habitually violated traffic laws or ordinances."

Since a child charged with violation of a state or municipal traffic law or ordinance is not delinquent, he is therefore within the exclusive jurisdiction of the municipal court or the criminal division of the district court *unless* a verified petition is submitted to the district court setting forth facts indicating that such child is habitual violator of such traffic laws or ordinances and therefore delinquent.

■ Title 37, Ordinance of the City of Tulsa, § 273 provides in pertinent part: "It shall be deemed reckless driving for any person to drive a vehicle in a careless or wanton manner without regard for the safety of persons or property . . ." We hold that such ordinance is traffic in nature and that appellant charged with violation thereof was not delinquent and was therefore properly within the jurisdiction of the municipal court. The juvenile division of the District Court, based on the facts alleged, was without jurisdiction.

■ Appellant contends that a reading of the entire Juvenile Act compels the conclusion that the legislature intended that no child be sentenced to incarceration in a criminal action in the absence of certification proceedings. We agree. The Juvenile Act affords benefits to children not allowable to adults. Included are form of petition (§ 1103), custody (§ 1104), release to parents (§ 1107), temporary detention (§ 1108), conduct of hearings, including provision for privacy (§ 1111), and discretionary certification for adult proceedings after a preliminary hearing (§ 1112(b)).

■ Mr. Justice Black, concurring in *In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 1460, 18 L.Ed.2d 527 (1967) pointed out that juvenile laws of the various states are "the result of plans promoted by humane and forward-looking people to provide a system of courts, procedures, and sanctions deemed to be less harmful and more lenient to children than to adults." It is clear that in Oklahoma a delinquent child, within the purview of the Juvenile Act, may not be sentenced by the juvenile division of the District Court to incarceration in an adult correctional institution. Did the legislature intend that while a delinquent child may not be sentenced to confinement in an adult penal institution by the juvenile division, a non-delinquent child may be so confined by another division of the same court or by a municipal court? It would be unreasonable for this Court to hold that while the legislature chose to protect delinquent children from the evils inherent in an adult penal institution, it chose not to afford the same protection to non-delinquent children.

Title 10 O.S.Supp.1976, § 1107(C) provides that under certain prescribed conditions, a child may be confined in a "police station, prison, jail or lockup" for a period of time not to exceed seventy-two hours. A reading of § 1107(B) reveals that the purpose of the statute is to provide peace officers the means of taking children into custody who are "found violating any law or ordinance . . . ." But the legislature manifested its reluctance to allow children to be sub-

jected to such confinement even for seventy-two hours by providing in § 1107(A):

"Whenever a child is taken into custody, unless it is impracticable or inadviseable or has been otherwise ordered by the court, he shall be released to the custody of his parent, guardian, attorney, or custodian . . .."

█ Examination of the title of an act can be a valuable aid in determining the intent of the legislature; the body of the act cannot be broader than the title. *Brown v. State*, Okl.Cr., 266 P.2d 988, 990 (1954). The title of S.B. No. 8 as indicated in Ch. 27 of the 1973 Session Laws for the 34th Legislature, First Regular Session, now cited as 10 O.S.Supp.1976, § 1107 is as follows:

"AN ACT RELATING TO CHILDREN; AMENDING 10 O.S.1971, § 1107; PROVIDING FOR CONFINEMENT OF CHILDREN; PROVIDING FOR THE RELEASE OF A CHILD TO CUSTODY OF PARENT, ATTORNEY, GUARDIAN, OR CUSTODIAN; PROVIDING FOR IMMEDIATELY TAKING A CHILD WHOSE CUSTODY HAS BEEN ASSUMED BEFORE A SPECIFIED JUDGE PENDING DISPOSITION OF CASE; PROHIBITING CONFINEMENT OF CHILDREN IN ASSOCIATION WITH CRIMINAL, VICIOUS OR DISSOLUTE PERSONS; <u>PROHIBITING CONFINEMENT OF CHILDREN IN PRISONS OR JAILS</u>; PROVIDING FOR EXCEPTIONS; AND DECLARING AN EMERGENCY." (Emphasis Ours).

█ The Title of S.B. No. 8, when considered together with the provisions of 10 O.S.Supp.1976, § 1107, clearly indicates that the legislature intended to prohibit confinement of children in prisons or jails. It provided an exception in those instances where it becomes necessary for a peace officer to take into custody a child who is found violating any law or ordinance. In such instances confinement is appropriate only in the event that it is impracticable or inadvisable to release the child to the custody of his parent, guardian, attorney, or

custodian pending the child's appearance before the court, and such confinement may not exceed 72 hours unless extended by order of the court. The act did not contemplate long term incarceration of children for any offense.

For the foregoing reasons, the judgment and sentence is MODIFIED from sixty (60) days in jail and $25.00 fine to $25.00 fine. As MODIFIED, the judgment and sentence is AFFIRMED.