ELECTIONS The provisions of 26 O.S. 15-111 [26-15-111] and 26 O.S. 16-122 [26-16-122] (1977) have no application to the individual acts or conduct of a candidate. The subject provisions apply only to the enumerated acts of persons or organizations other than the individual candidate. 26 O.S. 15-111 [26-15-111] and 26 O.S. 16-122 [26-16-122], apply only to campaign literature, i.e., written or printed material. These sections have no application to nonwritten or nonprinted campaign advertisements such as those as may be broadcast, transmitted or communicated by means of radio or television. Under 26 O.S. 15-111 [26-15-111] and 26 O.S. 16-122 [26-16-122], only campaign material or literature which is (1) designed to injure, attack or affirmatively oppose the nomination or election of a candidate, (2) intended to influence the voters on any constitutional or statutory amendment, (3) intended to influence any issue in a state, county, city, or school district election, or (4) intended to influence the vote of any member of the Legislature, is required to contain the identity, stated therein in a conspicuous place, of the person or organization purchasing or placing the order for such advertisement or printing, or causing such advertisement or printing to be disseminated. Campaign literature of a type not encompassed within the classifications above noted are not required to conspicuously disclose the name of the person or organization distributing or printing such material. The Attorney General has considered your request for an opinion wherein you ask the following question: "Under the provisions of Title 26 O.S. 15-111 [26-15-111] and 26 O.S. 16-122 [26-16-122] (1977), or any other state statutory provisions, must any or all types of campaign literature or advertising show or state the person or organization placing the order for or purchasing the advertisement or printing?" Title 26 O.S. 15-111 [26-15-111] (1977), a section found within Article XV, "Campaign Contributions and Expenditures Act", provides: "Anonymous campaign literature. Whoever, other than the candidate himself, writes, prints, posts or distributes or causes to be written, printed, posted or distributed a circular, poster or advertisement which is designed to injure or oppose the nomination or election of a candidate or to influence the voters on any constitutional or statutory amendment, or any other issue in a state, or to influence the vote of any member of the Legislature, unless there appears upon such circular or poster or advertisement, in a conspicuous place, either the name and address of the person, if an individual, or the name and address of the president, chairman and secretary, or of two officers of the organization, if an organization, shall be guilty of a misdemeanor. Nothing in this section shall be construed to apply to any matter or thing published in any newspaper, magazine or journal recognized and circulating as such, which matter is published by such newspaper, magazine or journal on its own behalf and upon its own responsibility and for which it shall not charge or receive any compensation whatsoever, nor shall it apply to any publication issued by any legally constituted election officials in the performance of their duties." Title 26 O.S. 16-122 [26-16-122] (1977), a provision similar to 26 O.S. 15-111 [26-15-111], provides: "Anonymous campaign literature. — Any person, other than the candidate himself, who writes, prints, posts or distributes or causes to be written, printed, posted or distributed a circular, poster or advertisement which is designed to injure or oppose the nomination or election of a candidate for public office or to influence the votes on any constitutional or statutory amendment, or any other issue in a state, city, county or school board election, or to influence the vote of any member of the Legislature, unless there appears upon such circular or poster or advertisement, in a conspicuous place, either the name and address of the person, if an individual, or the name and address of the president, chairman and secretary, or of two (2) officers of the organization, if an organization, who placed the order for the advertising or had the printing done, shall be guilty of a misdemeanor." Beyond certain record preservation requirements (12 O.S. 1447.4 [12-1447.4] (1977)) and certain specific requirements relating to educational broadcasters (70 O.S. 23-102 [70-23-102] (1977)), we are aware of no additional state statutory conditions placed expressly upon literature or advertisements of a political campaign nature. Accordingly, the answer to your question would be determinable based upon an interpretation of the two above-quoted provisions. It may be generally acknowledged that both 26 O.S. 15-111 [26-15-111] and 26 O.S. 16-122 [26-16-122] pertain to the same basic types of conduct and material, i.e., any person, other than a candidate, who ". . . writes, prints, posts or distributes or causes to be written, printed, posted or distributed a circular, poster or advertisement . . ." Both sections go on to further identify the nature or type of material or advertisements intended to be encompassed within the disclosure requirements, i.e., material which is: ". . . designed to injure or oppose the nomination or election of a candidate, or to influence the voters on any constitutional or statutory amendment, or any other issue in a state, county, city or school district election, or to influence the vote of any member of the Legislature. . . ." Under both 26 O.S. 15-111 [26-15-111] and 26 O.S. 16 [26-16] 122, if the subject material falls within the statutory classification, such material must show the name and address of the person, if an individual, who caused such advertisement or material to be printed or distributed, or, in the case of material printed or disseminated by an organization, the name and address of the president, chairman and secretary (or two officers) of the organization. Under both sections, violation of the disclosure requirement is declared to constitute a misdemeanor. It appears that the only distinction which can be drawn between these sections is that 26 O.S. 15-111 [26-15-111] expressly excludes application of the disclosure requirement to newspaper or magazine material published by the newspaper or magazine on its own behalf, upon its own responsibility and with no compensation. 26 O.S. 15-111 [26-15-111] further excludes application to publications by election officials published in the performance of their official duties. 26 O.S. 16-122 [26-16-122] does not contain the two referred exclusions. Your question appears to be one seeking further clarification with respect to the type or nature of campaign activities, literature or advertisements falling within the purview of the statutory disclosure requirement. It may be first noted that the subject statutory disclosure requirements do not apply to the acts or conduct of the candidate. In this connection, attention is made to the language found within 26 O.S. 15-111 [26-15-111], wherein it is stated: "Whoever, other than the candidate himself, writes, prints, posts . . . ." The same basic provision is found within the initial provisions of 26 O.S. 16-122 [26-16-122], wherein it is stated: "Any person, other than the candidate himself, who writes, posts or distributes . . . ." It is clear, based upon a plain reading of these sections that the disclosure requirements are applicable only to the respectively defined acts or conduct of persons or organizations "other than the candidate himself", and that with respect to individual or personal acts of the candidate himself, the disclosure requirements have no application. It is equally apparent that both 26 O.S. 15-111 [26-15-111] and 26 O.S. 16-122 [26-16-122] relate exclusively to printed or written material or literature. In this connection, it is notable that 26 O.S. 15-111 [26-15-111] provides, in pertinent part: "Whoever . . . writes, prints, posts or distributes or causes to be written, printed, posted or distributed a circular, poster or advertisement . . . unless there appears upon such circular or poster or advertisement, in a conspicuous place . . . the name and address of the person. . . ." The same substantive limiting language may be found within those respective portions of 26 O.S. 16-122 [26-16-122]. With respect to this conclusion, it is additionally notable to observe the title of Senate Bill 534, enacted by the Thirty-fourth Oklahoma Legislature, Second Regular Session (1974), Ch. 154 O.S.L. 1974, the same being Oklahoma's "Campaign Contributions and Expenditures Act" wherein 26 O.S. 15-111 [26-15-111] is found, said title stating, in part: "AN ACT RELATING TO CAMPAIGN CONTRIBUTIONS AND EXPENDITURES . . . PROHIBITING WRITING, PRINTING, POSTING, DISTRIBUTING OR CIRCULATING OF ANONYMOUS CAMPAIGN LITERATURE. . . ." A well-settled and primary rule of statutory interpretation and construction, requiring no citation of authority, is that where the meaning of a statutory provision is clearly ascertainable from a plain reading thereof, no further need for construction or interpretation is required to determine the statutory meaning and application. We are additionally mindful of the well-settled maxim "expressio unius est exclusio alterius," meaning that the mention of one thing in a statute implies an exclusion of another. In re Arbuckle Master Conservancy Dist., Dist. Court, Murray County, No. 9660, Okl., 474 P.2d 385 (1970). Also, the above-mentioned reference to the title of the subject act is wholly sanctioned as an interpretative aid. See Perry v. City of Oklahoma City, Okl., 470 P.2d 974 (1974), Mook v. City of Tulsa, Okl., 565 P.2d 1065 (1977). In keeping with the principles above noted and based upon a plain reading of the sections in question, it becomes obvious that the statutory disclosure requirements pertain only to written or printed material or advertisements and accordingly has no application to material or advertisements of a purely audio or audiovisual nature, i.e., advertisements via radio or television transmissions or broadcasts. In connection with this aspect of campaign activities, it may be further noted that such radio or television advertisements or broadcasts do not require, under federal law and regulation, an announcement of the sponsor, that is, the person or entity paying for the broadcast. However, not even the applicable federal statutes or regulations, respecting political campaign radio or television broadcasts, require any announcement identifying officers of the sponsoring organizations, that is, such as those generally referred to in 26 O.S. 15-111 [26-15-111] and 26 O.S. 16-122 [26-16-122], i.e., ". . . names and addresses of the president, chairman and secretary or . . . two officers." Refer generally, 2 U.S.C.A. 441d, 40 Fed. Reg. 41936 (73.1212(e)). Clearly, it may be required, with respect to such radio or television broadcasts, that the identity of such officers be made available from the records of the broadcasting station. Addressing lastly, the nature or type of campaign literature encompassed within the statutory disclosure requirements set forth within 26 O.S. 15-111 [26-15-111] and 26 O.S. 16-122 [26-16-122], we note the following. Clearly, material intended to "influence the vote of any member of the Legislature" must contain the required disclosure. This requirement would appear to pertain only to material relating to those matters of legislative cognizance pending before the Legislature. It also appears clear that any material or advertisement pertaining to any "issue in a state, county, city or school district election" must reflect the required information. This requirement would appear to encompass any issue, as distinguished from a candidate, relating to any matter being submitted for a vote on any ballot in a public election. In this same connection, the statute expressly requires such disclosures with respect to any material intended "to influence the voters on any constitutional or statutory amendment." This portion of the statute would appear to be primarily addressed to material pertaining to ballot questions presented by initiative or referenda petition. The only remaining type of material encompassed within the "anonymous campaign literature" prohibition concerns campaign literature "designed to injure or oppose the nomination or election of a candidate." While this classification of material clearly en compasses that which may be deemed derogatory material or material which affirmatively opposes a candidate, a question may exist with respect to what other types of candidate material it may additionally encompass. It has been suggested that the last quoted proviso is such that one may not produce or distribute any literature attacking or supporting a candidate unless such person is properly identified. In this connection, it is asserted that a mere statement supporting one candidate perforce "opposes" the nomination or election of another and would therefore fall within the legislative proscription. Refer generally, 29 O.L.R. 684, 703 (1976). Giving consideration to the apparent legislative intent and purpose of such legislation as well as that meaning readily ascertainable from the language of the sections involved, we cannot subscribe to such an unnecessarily broad and extended interpretation. It is generally acknowledged that the purpose and intent giving rise to the enactment of anonymous campaign literature statutes (such as 26 O.S. 15-111 [26-15-111] and 26 O.S. 16-122 [26-16-122]), is to enable the electorate to better evaluate the campaign material by examination of the competence and credibility of its sources, to deter irresponsible attacks and to enable candidates to refute or rebut charges, so that elections will be the expression of the will of an undeceived, well-informed public. Refer generally, 26 Am.Jur.2d "Elections", 380. Indeed, other jurisdictions have interpreted their comparable statutory restrictions to be applicable only to that material which constitutes attacks on candidates and not to material which is merely a candidate's expression of views about issues. Canon v. Justice Court for Lake Valley Jud. Dist.,61 Cal.2d 446, 39 Cal.Rptr. 228, 393 P.2d 428 (1964). Such would appear to be the proper interpretation to be given our statutory enactment which by its very own expression applied to material "designed to injure or oppose" a candidate's nomination or election. While the determination of what material is in fact designed to injure or oppose a candidate is always one of fact which would require case by case analysis, this statutory disclosure requirement clearly would not apply to campaign material which is merely a statement of one's name and/or candidacy, statements merely requesting support for a candidate, nor material which is a mere expression of a candidate's views about issues. It is our conclusion that only campaign material which may be factually determined to be intentionally designed to injure, attack or affirmatively oppose a candidate for nomination or election is encompassed within this aspect of 26 O.S. 15-111 [26-15-111] and 26 O.S. 16-122 [26-16-122]. It is, therefore, based upon the various conclusions above noted, the opinion of the Attorney General that your question be answered as follows: Firstly, the provisions of 26 O.S. 15-111 [26-15-111] and 26 O.S. 16-122 [26-16-122] have no application to the individual acts or conduct of a candidate. The subject provisions apply only to the enumerated acts of persons or organizations other than the individual candidate. Secondly, 26 O.S. 15-111 [26-15-111] and 26 O.S. 16-122 [26-16-122], apply only to campaign literature, i.e., written or printed material. These sections have no application to non-written or non-printed campaign advertisements such as those as may be broadcast, transmitted or communicated by means of radio or television. Thirdly, under 26 O.S. 15-111 [26-15-111] and 26 O.S. 16-122 [26-16-122], only campaign material or literature which is (1) designed to injure, attack or affirmatively oppose the nomination or election of a candidate, (2) intended to influence the voters on any constitutional or statutory amendment, (3) intended to influence any issue in a state, county, city or school district election, or (4) intended to influence the vote of any member of the Legislature is required to contain the identity, stated therein in a conspicuous place, of the person or organization purchasing or placing the order for such advertisement or printing, or causing such advertisement or printing to be disseminated. Campaign literature of a type not encompassed within the classifications above noted are not required to conspicuously disclose the name of the person or organization distributing or printing such material. (R. THOMAS LAY) (ksg)