Arnold Ray **FANSHIER**, Appellant,

v.

The **CITY OF OKLAHOMA CITY**, Appellee.

No. M–79–633.

Court of Criminal Appeals of Oklahoma.

Dec. 15, 1980.

Danny Corn, David S. Ness, Legal Aid Public Defenders of Oklahoma City, for appellant.

Michael F. Fouts, John M. Crittenden, Asst. Municipal Counselors, Oklahoma City, for appellee.

## OPINION

CORNISH, Presiding Judge:

The question before us is whether a municipal D.U.I. ordinance, which provides for a fine and/or imprisonment is an offense which should be transferred from the municipal court of record to the Juvenile Division of the District Court.

The seventeen–year–old appellant was convicted by a jury for the offense of Driving Under the Influence of Alcohol, in contravention of Oklahoma City Municipal Ordinance 34–78.[1] Punishment was assessed at a twenty–five dollar ($25.00) fine. An additional conviction for Transporting an Open Container of Beer, in violation of Municipal Ordinance 5–56, resulted in a thirty five dollar ($35.00) fine in a non–jury trial.

We observe that the penalty for a violation of ordinance 34–78 is a fine not to exceed Three Hundred Dollars ($300.00) or 90 days' imprisonment or both.[2] However,

---

1. Oklahoma City Municipal Ordinance 34–78 provides:

   Sec. 34–78. Driving while under the influence of liquor or drugs.

   No person within this city shall drive, operate, or be in actual physical control of any motor vehicle who is under the influence of intoxicating liquor, or who is an habitual user of or who is under the influence of any substances included in the Uniform Controlled Dangerous Substances Act, House Bill 1100, 1971 Oklahoma Legislature, or who is under the influence of any other drug or substance to a degree which renders him incapable of safely driving a motor vehicle. The fact that any person charged with a violation of this provision is or has been lawfully entitled to use such controlled dangerous substance or other drug shall not constitute a defense.

   (Or.No. 13,019, November 2, 1971.)

2. Oklahoma City Municipal Ordinance 34–83 provides:

   Sec. 34–83. Penalty.

   (a) Any person convicted of violating any of the provisions of Sections 34–77, 34–78 and 34–82 of this Chapter shall be punished by a fine and costs not to exceed Three Hundred Dollars ($300.00) or imprisonment not to exceed ninety (90) days, or by both such fine and imprisonment.

   (b) Any person convicted of violating any of the provisions of Section 34–78.1 of this Chapter shall be punished by a fine and costs not to exceed Three Hundred Dollars ($300.00).

   (Ord.No. 13,020, November 2, 1971, Ord.No. 13,276, July 11, 1972.)

the trial court properly instructed the jury that the maximum punishment on conviction would be a $300.00 fine. This instruction was in compliance with our earlier ruling in *Mook v. City of Tulsa*, Okl.Cr., 565 P.2d 1065 (1977), where we said the Juvenile Act compels the conclusion that no child be sentenced to incarceration in a criminal action in the absence of certification proceedings.

*Mook* involved the conviction of a juvenile pursuant to a Tulsa reckless driving ordinance. The juvenile was sentenced to sixty (60) days in jail and a Twenty–five Dollar ($25.00) fine. The ordinance deemed it reckless driving for any person to drive a vehicle in a careless or wanton manner without regard for the safety of persons or property. In considering the question of jurisdiction, we stated that the ordinance was traffic in nature; that a municipal court of record does not have jurisdiction to sentence juveniles to incarceration for violation of municipal traffic ordinances; and that the juvenile was properly within the jurisdiction of the juvenile court.

This conclusion was deduced after reviewing the concurrent jurisdiction provision of Title 10 O.S.Supp.1974, § 1112(a):

> In general, a child charged with having violated any state statute or municipal ordinance shall be tried in the juvenile division of the District Court rather than in a criminal action. The *criminal division of the district court and the municipal court are free to exercise concurrent jurisdiction with the juvenile division in cases wherein children are charged with violations of* state or *municipal traffic laws or ordinances.* [Emphasis ours]

Similar language was retained in all subsequent amendments to § 1112(a).[3]

Although *Mook v. City of Tulsa*, supra, dealt with a reckless driving ordinance, we find the reasoning of that case persuasive in our determination that the D.U.I. ordinance is similarly "traffic in nature". Also, persuasive is the Legislature's statutory placement of the crime of Driving Under the Influence in the Motor Vehicle Code of traffic laws. See Laws 1978, c. 108, § 1, now 47 O.S.Supp.1980, § 11–902.

Additional support for our conclusion may be found in *D.M.T. v. Edmiston*, Okl. Cr., 560 P.2d 976 (1977). We there characterized those statutes to which a stigma of criminality attaches as being within the jurisdiction of the Juvenile Division of the District Court. In that case we determined that an identifiable criminal stigma attaches to one found in violation of the crime of Negligent Homicide and to those who suffer the punishment of incarceration possible under the statute. Applying this reasoning to the case at bar, we find that the impossibility of incarceration is the determining factor bringing the D.U.I. and its lesser included offenses within the traffic exception of the Juvenile Code.[4]

We, therefore, hold jurisdiction of juveniles charged with a violation of a municipal D.U.I. ordinance is properly within the municipal court. The juvenile division of the District Court, based on the facts before us, was without jurisdiction. The Municipal Criminal Court of Record of Oklahoma City properly overruled the appellant's motion to dismiss and transfer.

The appellant's other assignments of error are frivolous and will not be addressed by this Court.

The judgments and sentences are AFFIRMED.

BRETT and BUSSEY, JJ., concur.

---

**3.** Amended by Laws 1974, c. 35, § 1; Laws 1974, c. 272, § 2, emerg. eff. May 29, 1974; Laws 1977, c. 79, § 2; Laws 1978, c. 231, § 2, eff. Oct. 1, 1978; Laws 1979, c. 257, § 4, eff. Oct. 1, 1979, now 10 O.S.Supp.1980, § 1112(a).

**4.** For an interesting discussion of this issue, see Note *Juvenile Law: Jurisdiction of Juveniles in Driving Under the Influence Cases*, 33 Okl.L. Rev. 399 (1980).