**J. L. B., a Child under 18 Years of Age, Petitioner,**

v.

**The Honorable Lawrence YEAGLEY, Judge of the Municipal Court of the City of Tulsa, Respondent.**

No. P–81–243.

Court of Criminal Appeals of Oklahoma.

July 20, 1981.

John Dratz, Jr., Tulsa, for J. L. B.

Jesse S. Harris, Asst. City Pros., Tulsa, for Yeagley.

### ORDER DENYING PETITION FOR WRIT OF PROHIBITION

Petitioner filed a motion to challenge municipal court jurisdiction in the Municipal Court of the City of Tulsa, their cases no. 0550678 and 302371, on March 20, 1981, on the basis of 10 O.S.Supp.1980, § 1101(b)(2), which defines a delinquent child, in part, as a habitual traffic offender. The petitioner claimed that the municipal court, therefore, lacked jurisdiction and that the juvenile division of the district court should determine his delinquency status. That motion was denied by the municipal court on April 3, 1981, and trial was set for May 8, 1981. On April 20, 1981, the petitioner filed a writ in this Court to prohibit the May 8 trial, and this Court received the response of the Honorable Lawrence Yeagley on June 1, 1981.

While it is true that 10 O.S.Supp.1980, § 1101(b)(2) provides a statutory basis for delinquency as a result of habitual traffic offenses, 10 O.S.Supp.1980, § 1112(a) provides as follows:

"However, nothing in this act shall be construed to prevent the exercise of concurrent jurisdiction by another division of the district court or by municipal courts in cases involving children where the child is charged with the violation of a state or municipal traffic law or ordinance."

In *Mook v. City of Tulsa*, 565 P.2d 1065 (Okl.Cr.1977), this Court said that:

Since a child charged with violation of a state or municipal traffic law or ordinance is not delinquent, he is therefore within the exclusive jurisdiction of the municipal court or the criminal division of the district court *unless* a verified petition is submitted to the district court setting forth facts indicating that such child is habitual violator of such traffic laws or ordinances and therefore delinquent.

And in *DMT v. Edmiston*, 560 P.2d 976 (Okl.Cr.1977), this Court held that a single violation is not an act of delinquency but that habitual traffic offenses will *support* a petition for an adjudication of delinquency. These cases clearly indicate that the discretion of whether to file an information charging the traffic offenses in the municipal court or a petition for delinquency in the juvenile division of the district court is left to the sound exercise of the proper

authorities of the municipal and district courts. The cause now before this Court does not reveal any abuse of that discretion.

Having examined the record before us, and being fully advised in the premises, it is the Order of this Court that the petition should be and hereby is denied.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 20th day of July, 1981.

TOM BRETT, P. J.

HEZ J. BUSSEY, J.