The STATE of Oklahoma, Appellant,

v.

Ryan Richard GRAY, Appellee.

No. S-89-590.

Court of Criminal Appeals of Oklahoma.

Dec. 18, 1990.

Michael Eric Goldstein, Asst. Dist. Atty., Bartlesville, for appellant.

Jesse L. Sumner, Bartlesville, for appellee.

## OPINION

JOHNSON, Judge:

The State, under 22 O.S.1981, § 1053(1) has appealed the decision of the Washington County District Court, which dismissed the second page of the Information in Case No. CRF–88–35, finding that juvenile traffic convictions could not be used to enhance punishment once a person reached adulthood. Initially, we find that the State, in its appellate brief, has cited the wrong statute for its authority to appeal. The appeal from an adverse ruling of a magistrate dismissing the second page of the Information is properly appealed under 22 O.S.Supp.1989, § 1089.1, which the State properly announced after the preliminary

hearing, and after the district court affirmed the magistrate on appeal. Thus, we accept the State's appeal under 22 O.S. Supp.1989, § 1089.1.

The question this Court must decide was very aptly stated by the Honorable Janice P. Dreiling, Associate District Judge of Washington County, at the preliminary hearing: Can prior juvenile convictions for Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, under the traffic exception in Title 10 O.S.1981, § 1112, later be used for enhancement when the juvenile becomes an adult? The magistrate and district court held that they could not. We hold that they can and REVERSE.

I.

Richard Ryan Gray was eighteen (18) years old when he was arrested on the present charge of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, in Case No. CRF–88–35. At the preliminary hearing, the prosecution and defense counsel stipulated to the evidence which formed the basis for the underlying charge alleged in the first page of the Information. The dispute of this appeal concerns the second page of the Information, wherein the prosecution attempted to use Mr. Gray's prior juvenile traffic convictions for enhancement of punishment.

At the preliminary hearing, the State offered certified copies of Judgment and Sentence and Docket Sheets in CRM–85–282, which showed that Mr. Gray pled guilty and was convicted of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. Mr. Gray was sentenced to pay a fine of one hundred dollars ($100.00) plus court costs.

The State then offered certified copies of Judgment and Sentence and Docket Sheets in CRM–85–468, which showed that Mr. Gray pled guilty and was convicted of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. Mr. Gray was sentenced to pay a fine of

one hundred dollars ($100.00) plus court costs and to attend a D.U.I. school.

Finally, the State offered certified copies of Judgment and Sentence and Docket Sheets in CRF–85–256, which showed that Mr. Gray pled guilty and was convicted of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. Case No. CRF–85–256 was later amended to a misdemeanor charge and Mr. Gray was sentenced to pay a fine of two hundred dollars ($200.00) and serve twelve (12) months in the custody of the Washington County Sheriff, which was suspended.

Defense counsel objected to the introduction of the juvenile convictions and asked that they be closed pursuant to 10 O.S. 1981, § 1506. The State responded that the convictions used in the second page of the Information were not adjudications under any juvenile proceeding, but rather, were district court Informations and convictions. The magistrate dismissed the second page, finding that the statute was not designed to reach back and use a conviction that a child received before they reached the age of eighteen for the purpose of enhancing a charge and their ultimate penalties once they reach adulthood.

## II.

Every person who is convicted of a violation of 47 O.S.Supp.1988, § 11–902(A)(2) shall be deemed guilty of a misdemeanor for the first offense and shall be punished by imprisonment for not less than ten (10) days nor more than one (1) year, and a fine of not more than One Thousand Dollars ($1000.00). *See* 47 O.S.Supp.1988, § 11–902(C). Any person who within ten (10) years after a previous conviction of this section is convicted of a second or subsequent offense shall be deemed guilty of a felony and shall be sentenced to the custody of the Department of Corrections for not less than one (1) year and not to exceed five (5) years, and a fine of not more than Two Thousand Five Hundred Dollars ($2,500.00). Thus, if faced only with the charge on the first page of the Information, Mr. Gray could be found guilty of a misdemeanor and subject to

incarceration in the county jail for not more than one (1) year. If his prior juvenile convictions were used for enhancement on a second page, Mr. Gray could be found guilty of a felony and subject to at least one (1) year and no more than five (5) years in the custody of the Department of Corrections.

## III.

■ Under 10 O.S.Supp.1989, § 1112(a), a child who is charged with having violated any state statute or municipal ordinance other than those enumerated in Section 1104.2 of Title 10, shall not be tried in a criminal action but in a juvenile proceeding. However, § 1112(a) further provides, nothing in this act shall be construed to prevent the exercise of concurrent jurisdiction by another division of the district court or by municipal courts in cases involving children wherein the child is charged with the violation of a state or municipal traffic law or ordinance. (emphasis added) Thus, where juveniles are charged with violations of state or municipal traffic law or ordinances, the criminal division of the district court and the municipal court are free to exercise concurrent jurisdiction with the juvenile division of the district court. *Fanshier v. City of Oklahoma City*, 620 P.2d 1347, 1349 (Okl.Cr.1980).

## IV.

In *D.M.T. v. Edmiston*, 560 P.2d 976, 977 (Okl.Cr.1977), we held that the crime of Negligent Homicide is not a violation of a State traffic law that is excepted from juvenile proceedings under Section 1112, even though the statute is placed within the Traffic Code. We stated that those statutes to which a stigma of criminality attaches are within the jurisdiction of the Juvenile Division of the District Court. Finally, we explained that traffic violations that are exempt from juvenile jurisdiction are generally non-criminal in nature or malum prohibition. *Id.* at 978.

In *Mook v. City of Tulsa*, 565 P.2d 1065, 1067 (Okl.Cr.1977), a case involving a juvenile charged under a City of Tulsa reckless

driving ordinance, we stated that in general, a child charged with having violated any state statute or municipal ordinance shall be tried in the juvenile division of the district court rather than in a criminal action. However, the criminal division of the district court and the municipal court are free to exercise concurrent jurisdiction with the juvenile division in cases wherein children are charged with violations of state or municipal traffic laws or ordinances. We concluded that the Juvenile Act compelled the conclusion that no child be sentenced to incarceration in a criminal action in the absence of certification proceedings. *Id.*

Finally, in *Fanshier v. City of Oklahoma City, supra,* we found the reasoning of *Mook* to be controlling in our holding that the D.U.I. ordinance is similarly "traffic in nature". (emphasis added) We also found persuasive the Legislature's statutory placement of the crime of Driving Under the Influence in the Motor Vehicle Code of traffic laws. *Id.* In conclusion, we found the impossibility of incarceration to be the determining factor that brought the D.U.I. and its lesser included offenses within the traffic exception of the Juvenile Code.

## V.

■ With our holding in *Fanshier* that a D.U.I. ordinance is "traffic in nature", it is clear that the criminal division of the district court or the municipal court were free to exercise jurisdiction over Mr. Gray. However, even though a juvenile could be tried as an adult in the district court, resulting in adult convictions and not juvenile adjudications, he or she could not face jail time as a penalty. *See Mook, supra.* This is still the law and jail time cannot be assessed against a juvenile.

■ In the present case, Mr. Gray's prior convictions were not juvenile adjudications, but rather, were convictions under district court petitions. Thus, once he became an adult, Mr. Gray faced the possibility that if he continued his criminal behavior, his prior convictions could be used to enhance any subsequent punishment.

## VI.

As the Oklahoma Supreme Court stated in *Robertson v. State ex. rel. Lester,* 501 P.2d 1099, 1101 (Okl.1972), the operation of a motor vehicle on a public highway is not a natural, absolute right, but a conditional privilege ... [t]he privilege is granted to those who are qualified, who comply with reasonable police power requirements in the interest of public safety and welfare, and is withheld from those who do not.

■ It has been held that the use of a motor vehicle on the public highway does not fall within the term "civil rights", *Commonwealth v. Funk,* 323 Pa. 390, 186 A. 65 (1936); also, it is clear that the right to drive a vehicle is not a property right but only a mere license or privilege. *Snelgrove v. Department of Motor Vehicles,* 194 Cal. App.3rd 1364, 240 Cal.Rptr. 281 (1987). The Oklahoma Supreme Court has held that the right to legislate or to make laws or rules as it relates to the police power of the State is within the wisdom of the Legislature and the exercise of that prerogative is not open to judicial review. *Polk v. Oklahoma Alcoholic Beverage Control Bd.,* 420 P.2d 520 (1966). The Legislature, under 10 O.S.Supp.1989, § 1112(a), has provided that a child or minor is subject to be treated as an adult for a traffic offense and they have the power to do so.

A juvenile who takes the wheel of an automobile should be aware of the serious responsibility of his or her actions and needs to recognize the possibility of being treated as an adult for his or her conduct. It does not matter to the person who is injured due to an automobile accident with the drunk driver as to whether or not the person is a minor or an adult, the same would hold true as to property damage. If a youth is entrusted with a motor vehicle, such youth should be responsible for his or her acts and the results thereof. An accident wherein a serious injury results has little relationship to do with age; in fact, statistics show us that the youthful offender is involved in a greater percent of such injury or property damage accidents. Such

parties should be responsible for their acts and the ramifications thereof.

The order of the District Court affirming the ruling of the magistrate is REVERSED.

PARKS, P.J., and LUMPKIN, J., concur.

LANE, V.P.J., and BRETT, J., concur in result.

LANE, Vice Presiding Judge: concurs in result.

I concur in the results reached by the majority and find that the appellant can be charged under the enhancement provisions of 47 O.S.Supp.1988, § 11–902(A)(2). However, I wish to address the majority's language in expressing the view that the juvenile division of the district court has concurrent jurisdiction with adult courts when a juvenile is charged with a traffic offense. The majority opinion seems to indicate that the juvenile division would have jurisdiction over any traffic offense including a minor offense such as operating a motor vehicle with an expired safety sticker when the juvenile had never been stopped for any other offense. This would violate the definition of a delinquent found in 10 O.S.Supp. 1988, § 1101(2). By defining a delinquent as a child who habitually violates traffic laws, this section would exclude a child who has only committed a singular or random offenses without making a habit out of violating the traffic code.

It is my opinion that the only way that these two sections can be reconciled is to say that the juvenile division and the adult courts have concurrent jurisdiction over the enforcement of the traffic laws as a class of laws when a juvenile is the offender. However, the only way that the juvenile division can exercise jurisdiction is when the child is charged with being an habitual offender of the traffic code. Otherwise, the child must be charged in the adult court.