Dear Representative Luttrell:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 When a licensed motor vehicle driver who is under the age of eighteen is fined for a non-habitual traffic violation and does not pay the fine, can a warrant for the driver's arrest be issued regardless of the driver's age?
 JUVENILES AND TRAFFIC VIOLATIONS
The subject matter of your request requires an analysis of the legal characteristics of a traffic violation committed by a licensed driver while under the age of eighteen. Generally, under Oklahoma law, the violations of federal, state or municipal laws by persons under the age of eighteen are treated as juvenile delinquent offenses and therefore subject to the provisions of the Oklahoma Juvenile Code and the jurisdiction of the juvenile division of the district court.See 10 O.S. 2001 Supp.2006, §§ 7301-1.1 — 7309-1.14. However, traffic violations, unless committed habitually, are not treated as juvenile delinquent offenses.
"Delinquent child or juvenile" means a juvenile who:
 a. has violated any federal or state law or municipal ordinance except a traffic statute or traffic ordinance or any provision of the Oklahoma Wildlife Conservation Code, the Oklahoma Vessel and Motor Regulation Act or the Oklahoma Boating Safety Regulation Act, or has violated any lawful order of the court made pursuant to the provisions of the Oklahoma Juvenile Code, or
 b. has habitually violated traffic laws, traffic ordinances or boating safety laws or rules[.]
10 O.S. Supp.2006, § 7301-1.3(11) (emphasis added) (footnotes omitted). Your request inquires regarding "a non-habitual traffic violation" by a driver under the age of eighteen rather than habitual violations. Therefore, our analysis will focus on the body of law applicable to drivers under the age of eighteen whose traffic violations do not rise to the level of being habitual. With regard to jurisdiction over traffic violations committed by a juvenile, the Oklahoma Juvenile Code provides the following:
 A. Except as otherwise provided in the Oklahoma Juvenile Code, a child who is charged with having violated any state statute or municipal ordinance other than those enumerated in Section 7306-1.1, 7306-2.5 or 7306-2.6 of this title, shall not be tried in a criminal action but in a juvenile proceeding. The juvenile proceeding may be filed before the child becomes eighteen (18) years of age or within ninety (90) days after the date of the eighteenth birthday of the child. If, during the pendency of a criminal or quasi-criminal charge against any person, it shall be ascertained that the person was a child at the time of committing the alleged offense, the district court or municipal court shall transfer the case, together with all the papers, documents and testimony connected therewith, to the juvenile division of the district court. The division making the transfer shall order the child to be taken forthwith to the place of detention designated by the juvenile division, to that division itself, or release the child to the custody of some suitable person to be brought before the juvenile division. However, nothing in this act shall be construed to prevent the exercise of concurrent jurisdiction by another division of the district court or by municipal courts in cases involving children wherein the child is charged with the violation of a state or municipal traffic law or ordinance.
Id. § 7303-4.3 (emphasis added) (footnote omitted). The same language as that emphasized is found in the Youthful Offender Act. See 10 O.S. 2001, § 7306-2.3[10-7306-2.3](C). This provision of law granting concurrent jurisdiction has been interpreted by the Oklahoma Court of Criminal Appeals to create an exception to juvenile court jurisdiction for traffic offenses.
 The Legislature, under 10 O.S. Supp.1989, § 1112(a) [current version at 10 O.S. Supp.2006, § 7303-4.3(A)], has provided that a child or minor is subject to be treated as an adult for a traffic offense and they have the power to do so.
 A juvenile who takes the wheel of an automobile should be aware of the serious responsibility of his or her actions and needs to recognize the possibility of being treated as an adult for his or her conduct.
State v. Gray, 803 P.2d 718, 721 (Okla.Crim.App. 1990). InGray, the State appealed the district court's ruling that defendant Gray's prior convictions for driving under the influence, received while under the age of eighteen, could not be used to enhance Gray's punishment for the same conviction as an adult. See id
at 719. The Court of Criminal Appeals reversed, holding that the prior convictions were not "juvenile adjudications" but "convictions." See id at 721.
The policy behind the traffic violation exception to juvenile jurisdiction was explained by the Court of Criminal Appeals in a 1977 Memorandum Opinion.
 The protective philosophy of juvenile proceedings is largely inapplicable to the ordinary traffic violation because no stigma attaches to the violator of most of the traffic laws. Treatment and social and psychological investigations under juvenile proceedings may be inappropriate for a single traffic violation.
 . . . .
 For these reasons, violations of mere traffic laws and ordinances are excluded from the jurisdiction to the extent that a single violation is not a delinquent act but habitual violations will support an adjudication of delinquency.
D.M.T. v Edmiston, 560 P.2d 976, 977-78 (Okla.Crim.App. 1977). TheD.M.T. case was an original action brought by a juvenile charged with negligent homicide in Tulsa County District Court. See id. at 977. As Petitioner, D.M.T. sought a writ prohibiting the district judge from proceeding against him as an adult and directing that the case be transferred to the juvenile division of the court. See id. The Court of Criminal Appeals held that even though the offense of negligent homicide was placed within the Oklahoma Traffic Code, it was more than a mere traffic violation having origins in common law as well. See id. at 978. The Court of Criminal Appeals issued the writ, holding that the offense of negligent homicide was a delinquent offense proper for the juvenile court. See Id.[1]
 FAILURE TO PAY TRAFFIC FINES
Having established that non-habitual traffic offenses committed by licensed motor vehicle drivers under the age of eighteen (18) are not juvenile delinquent offenses but adult convictions, we now examine whether arrest warrants may be issued for such individuals when they fail to pay the fine associated with the traffic offense.
The Oklahoma law governing the failure to pay traffic fines is the State and Municipal Traffic, Water Safety, and Wildlife Bail Bond Procedure Act ("Act"). See 22 O.S. 2001 Supp.2006, §§ 1115.1 — 1115.5. Under the provisions of the Act, law enforcement officers are required to release upon personal recognizance residents and nonresidents arrested (pulled over) for misdemeanor violations of State or municipal traffic laws when the following conditions are met: the person must have a valid driver's license; the officer must be satisfied as to the person's identification; the person must sign a written promise to appear as provided for on the citation; and the violation is not a felony, negligent homicide, driving while intoxicated, eluding an officer, or lack of valid driver's license; and there is no outstanding warrant for the person's arrest. 22 O.S. Supp.2006, § 1115.1(A). The Oklahoma Municipal Code also requires law enforcement officers of municipalities to follow the Act. See 11 O.S. 2001, §§ 27-117.1[11-27-117.1]; 28-114.1.
The provisions of the Act further require the law enforcement officer to designate the traffic charge, driver's license number, vehicle tag number, date and time of the incident and the date and time on the citation. See 22 O.S. Supp.2006, § 1115.1(B). The Act also requires that the officer record the date and time on the citation on which, or before which, the arrested person promises to contact, pay or appear before the court and permit the person to sign a written promise to do so. Seeid. The Act also provides that the person released upon his or her own recognizance may enter a plea of guilty or no contest and pay the fine at any time before the person is required to appear in court.Id. § 1115.1(D). Finally, the Act provides that if a person released upon his or her own recognizance does not timely plead guilty or no contest and pay the fine or fails to appear, "the court may issue a warrant for the arrest of the defendant" Id. § 1115.1(E). Accordingly, non-habitual traffic offenses committed by drivers under the age of eighteen are adult convictions, and failure to pay the associated traffic fine may result in the issuance of an arrest warrant. Therefore, a warrant may issue for the arrest of any person, regardless of age,[2] who receives a fine for a traffic violation and does not timely pay the fine or appear in court.
It is, therefore, the official Opinion of the Attorney Generalthat:
 When a licensed motor vehicle driver who is under the age of eighteen is fined for a non-habitual traffic violation and does not pay the fine, a warrant may issue for the driver's arrest pursuant to 22 O.S. Supp.2006, § 1115.1 regardless of the driver's age.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
RICHARD D. OLDERBAK ASSISTANT ATTORNEY GENERAL
[1] In 1985 the Legislature amended the negligent homicide section of the Oklahoma Traffic Code making it expressly applicable to "any personsixteen (16) years of age or older." 1985 Okla. Sess. Laws ch. 112, § 10(a). In Gonseth v. State, 871 P.2d 51 (Okla.Crim.App. 1994), the Court of Criminal Appeals ruled that this change meant that the offense of negligent homicide was no longer a juvenile delinquent act and effectively overruled that part of the D.M.T. holding. See id. at 55. However, in 2005 the Legislature amended the section again, eliminating the words "sixteen (16) years of age or older," effectively returning it to the pre-1985 language. See 2005 Okla. Sess. Laws ch. 164, § 1(A).
[2] This Opinion does not address the issue of what type of detention or incarceration is lawful for a driver who is under the age of eighteen and has failed to pay a traffic fine.