Argued and submitted April 25, reversed and remanded October 24, reconsideration denied December 7, 1984, petition for review allowed January 8, 1985 (298 Or 470)
See 299 Or 534, 704 P2d 1144 (1985)

STATE OF OREGON,
*Appellant,*

*v.*

LEONARD RAY PARKER,
*Respondent.*

(83-192 CR; CA A29923)

689 P2d 1035

Thomas H. Denney, Assistant Attorney General, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

Stephen J. Williams, Deputy Public Defender, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender for Oregon, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

The state appeals from the trial court order sustaining defendant's demurrer to count III of a three-count indictment. Count I charged defendant with criminal mischief in the first degree. ORS 164.365. Count II charged menacing. ORS 163.190. Count III charged failure to perform the duties of a driver involved in an accident. ORS 483.602. All the charges were alleged to be part of the same act and transaction involving defendant's use of a motor vehicle to damage another's vehicle intentionally. The trial court sustained defendant's demurrer to count III on the ground that it failed to state a cause of action. We reverse and remand for trial.

ORS 164.365 provides:

"(1) A person commits the crime of criminal mischief in the first degree who, with intent to damage property, and having no right to do so nor reasonable ground to believe that the person has such right, damages or destroys property of another:

"(a) In an amount exceeding $200 * * *."

ORS 163.190 provides:

"(1) A person commits the crime of menacing if by word or conduct he intentionally attempts to place another person in fear of imminent serious physical injury."

ORS 483.602(1) provides:

"The driver of any vehicle involved in an accident which results in injury or death to any person or causes damage to a vehicle which is driven or attended by any person, immediately shall stop such vehicle at the scene of the accident, or as close thereto as possible, and shall remain at the scene of the accident until the driver has fulfilled the requirements of subsection (2) of this section. Every such stop shall be made without obstructing traffic more than is necessary.

"(2) The driver of any vehicle involved in any accident resulting in injury or death to any person or damage to any such vehicle shall:

"(a) Give to the other driver or surviving passenger, or any person not a passenger injured as a result of such accident, the name, address and the registration number of the vehicle which the driver is driving, and the name and address of any other occupants of such vehicle."

The trial court explained its reason for sustaining the demurrer to count III as follows:

> "The reason this Court sustained the demurrer is because Counts I and II allege intentional crimes. I'm unable to find any lesser included defenses [sic] that do not require intentional crime as to either Counts I and II. * * *
>
> "* * * * *
>
> "As to Count III, as to which the demurrer was sustained, it alleges that as a part of the same act and transaction set forth in Counts I and II and connected therewith, that the defendant being the driver of a vehicle involved in an accident which caused damage left the scene, et cetera. The Court applied the principle of the [Liuafi] case which was cited by the defendant * * *.
>
> "* * * * *
>
> "The Court is saying that Count III fails to state a cause of action because it alleges an intentional collision, and then seeks to apply the statute which pertains to an accident."

The apparent rationale of the trial court is that the occurrence of an "accident"—the prerequisite to a violation of ORS 483.602—necessarily excludes a collision resulting from intentional conduct constituting violation of the other statutes under which defendant was charged and, because defendant was alleged to have acted intentionally in the act and transaction underlying all three charges, defendant could not have been involved in an "accident" within the purview of ORS 483.602. That apparent inconsistency between an intentional act and an "accident" is the foundation of the decision in *State v. Liuafi,* 623 P2d 1271 (Haw. 1981), which the trial court cited in its explanation and on which defendant relies.

In *Liuafi,* the defendant, who was driving a vehicle, approached the victim in a parking lot. After a brief conversation, the defendant got out of the car and assaulted the victim. While the victim was immobile on the ground, the defendant drove the car over him. A jury convicted the defendant of attempted murder and failure to render assistance at an accident. He appealed, contending that under a statute precluding conviction for more than one offense if "[i]nconsistent findings of fact are required to establish the commission of the

offense,"[1] he could not be convicted of both offenses. The defendant asserted that the required finding of fact for his conviction of attempted murder, that he intentionally attempted to drive over the victim, was inconsistent with a factual finding that he was involved in an "accident" necessary for the failure to render assistance conviction. The court agreed, concluding that the term "accident" under its common meaning and in light of the statutory purpose, and of the general rule against expansive reading of criminal statutes, excluded the event that occurred in that case.

Even if we were persuaded that the *Liuafi* court correctly construed the term "accident," upon analysis of that case we find that it does not support defendant's contention that the demurrer was properly granted. The *Liuafi* court held only that the defendant, under the Hawaii statutory scheme, could not be *convicted* of both the intentional crime of attempted murder and violation of the statute requiring a driver involved in an accident to remain at the scene and render aid, and that he was therefore entitled to a jury instruction to that effect; it specifically noted, however, that it was not error to *charge* the defendant with the commission of both offenses. 623 P2d at 1281 n. 7. We do not dwell on that distinction, however, because we reject the *Liuafi* court's construction of the word "accident."

The term "accident" is not defined in the statutes, and we have found no Oregon decision construing that term in the context of "hit and run" statutes.[2] On consideration of the statutory purpose, however, we come to a conclusion opposite

---

[1] The relevant statute, HRS § 701-109(1)(c) (1976), provides in pertinent part:

"(1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:

"* * * * *

"(c) Inconsistent findings of fact are required to establish the commission of the offenses. * * *"

[2] Defendant urges us to apply to our construction of the term "accident" the rule of *State v. Dumond,* 270 Or 854, 530 P2d 32 (1974): "One basic rule of statutory construction is that words used in a statute which have a well defined legal meaning are to be given that meaning in construing the statute." 270 Or at 858. (Citations omitted.) Considering the paucity of decisions construing "accident" in an analogous context, we find that rule inapplicable here.

to that of the *Liuafi* court. ORS 483.602 includes disclosure provisions designed to assure that financial responsibility can be fairly assessed, ORS 483.602(2)(a), and aid provisions designed to protect injured persons. ORS 483.602(2)(c). We discern nothing in the statute to suggest a concern that the cause of the occurrence — whether it be the result of a purely *fortuitous* event, simple or criminal negligence, or intentional conduct — should have any bearing on its application. Although an intentional act as viewed by the perpetrator may not be an accident within the more common definition of the term, from the victim's perspective an accident has occurred, and the same statutory protections provided to other vehicular casualties are needed.[3] *Accord, State v. Smyth,* 397 A2d 497 (RI 1979). It makes no sense to read the statute as imposing duties on persons who negligently injure others or damage their property but as absolving persons who do so intentionally from any such duties. We hold, therefore, that an "accident" under ORS 483.602 includes intentional as well as unintentional vehicular collisions.

■ The indictment did not fail to state a cause of action because it alleged both that defendant failed to perform the duties of a driver involved in an accident and that the acts causing the accident were intentional. It was error for the trial court to sustain defendant's demurrer on that ground.

Reversed and remanded for trial.

---

[3] Black's Law Dictionary 14 (5th ed. 1979) includes within the common definition of accident "an event which under the circumstances is unusual and unexpected *by the person to whom it happens.*" (Emphasis supplied.)