**Clarence Donnell McGEE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–88–808.

Court of Criminal Appeals of Oklahoma.

July 29, 1991.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Steven S. Kerr, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Vice Presiding Judge:

Clarence Donnell McGee, appellant, was tried by jury for the crime of Leaving the Scene of an Accident Involving Personal Injury, After Former Conviction of Two or More Felonies (47 O.S.1981, § 10–102) in Oklahoma County District Court, Case No.

CRF–87–7052. The jury returned a verdict of guilty and set punishment at twenty (20) years imprisonment. The trial court sentenced accordingly. The appellant raises two propositions of error, improper jury instruction and insufficiency of the evidence. We affirm.

On the evening of November 10, 1987, Charles Shaw and Patty Ash went to Appellant's residence in Oklahoma City to repossess his car. He agreed verbally to the repossession, but when Ash could not get the car started, Appellant started it and sped away. Ash, who had been standing between the open driver's door and the car with one foot in the back seat area, hung on as the appellant drove away. Her hand was caught in the door handle. Appellant drove approximately six miles at a high rate of speed with Ash partially in and partially out of the car. He told her to let go and she wouldn't get hurt. Ash told him she would let go if he would slow down. Finally he pushed her out of the car. The car rolled over her ankle, causing severe damage. As Ash rolled on the pavement, Appellant swerved back toward her and ran completely over her. Appellant then drove away without stopping.

■■■ In his first proposition of error, Appellant argues that the trial court improperly instructed the jury regarding the crime. No objection was raised as to this instruction at trial. The failure to object and submit written instructions to the trial court waives any error except that which results in a miscarriage of justice. *See Ashinsky v. State*, 780 P.2d 201 (Okl.Cr. 1989), *Price v. State*, 782 P.2d 143 (Okl.Cr. 1989). Our review is then limited to evaluation of whether fundamental error occurred.

Section 10–102 in relevant part defines the crime as follows:

The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 10–104 ...

Any person willfully, maliciously, or feloniously failing to stop, or to comply with said requirements under such circumstances, shall be guilty of a felony ...

Section 10–104 specifies the following required actions:

The driver ... involved in an accident resulting in injury to or death of any person ... shall give his correct name, address and registration number of the vehicle he is driving, and shall upon request and if available exhibit his operator's or chauffeur's license and his security verification form ... to the person struck, and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

In its instruction to the jury, the trial court properly set out the requirements of both Section 10–102 and Section 10–104. Appellant's argument that the instruction sets forth three crimes and does not require a unanimous jury verdict on any of them is not supported by the plain language of the instruction. Upon thorough review for fundamental error, we find no error whatsoever in this instruction. *See James v. State*, 637 P.2d 862, 865–66 (Okl.Cr.1981). *See also Newsted v. State*, 720 P.2d 734, 737 (Okl.Cr.1986); *Plunkett v. State*, 719 P.2d 834, 841 (Okl.Cr.1986); *Phillips v. State*, 641 P.2d 556, 559 (Okl.Cr.1982).

■■■ In his second allegation of error, Appellant claims that because all of his actions were intentional, the evidence must of necessity be insufficient to support the finding statutory element of an accident. Appellant cites the Webster's Dictionary definition of accident in support of his theory:

1. An unexpected, undesirable event a car accident.

2. Something occurring unexpectedly or unintentionally.

3. A nonessential circumstance or attribute.

4. Fortune: chance.

 While Appellant correctly points out that words used in statutory language are to be interpreted in their ordinary sense, 25 O.S.1981, § 1, we do not find that any unfair extrapolation must occur to conclude that an accident occurred in this case. Rather, we are persuaded by the reasoning of the Oregon Court of Appeals, which concluded that in certain situations, intentional acts may still be "accidents."

In *State v. Parker*, 70 Or.App. 397, 689 P.2d 1035 (1984), the court considered a similar argument brought against the Oregon equivalent of Oklahoma's Section 10–102. In that case, the defendant was charged with failure to perform the duties of a driver involved in an accident as a result of the intentional use of his car to damage another car. Dispensing with the claim that the intentional nature of the actions precluded a finding of accident, the court held:

> We discern nothing in the statute to suggest a concern that the cause of the occurrence—whether it be the result of a purely fortuitous event, simple or criminal negligence, or intentional conduct—should have any bearing on its application. Although an intentional act as viewed by the perpetrator may not be an accident within the more common definition of the term, from the victim's perspective an accident has occurred, and the same statutory protections provided to other vehicular casualties are needed.... It makes no sense to read the statute as imposing duties on persons who negligently injure others or damage their property but as absolving persons who do so intentionally from any such duties. (Citations and footnotes omitted.)

*Id.* 689 P.2d at 1038. In support of this conclusion, the court noted that "Black's Law Dictionary 14 (5th ed. 1979) includes within the common definition of accident 'an event which under the circumstances is unusual and unexpected *by the person to whom it happens.'* " (Emphasis by the court).

We find this analysis to be equally applicable in the present situation and hold that in this case, when the incident which resulted in injury is considered from the viewpoint of the victim, there is no question but that the occurrence qualifies as an accident. Our statute requires a driver to render aid to a person who is injured during his operation of a vehicle. Appellant failed to protect this right of the victim. Accordingly, we find that when the evidence is considered in the light most favorable to the State, it is sufficient to support the conviction. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985).

After review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the judgment and sentence is AFFIRMED.

LUMPKIN, V.P.J., and BRETT, PARKS and JOHNSON, JJ., concur.