Karrie Sue MASON, Appellant,

v.

The STATE of Oklahoma, Appellee.

M–92–576.

Court of Criminal Appeals of Oklahoma.

Jan. 21, 1994.

Order Denying Rehearing Feb. 24, 1994.

Linda H. McGuire, Appellate Indigent Defender's Office, Norman, for appellant.

Walter Jenny, Jr., Atty. General's Office, for State.

## *OPINION*

CHAPEL, Judge:

Karrie Sue Mason was seventeen years old when she was charged as an adult in Stephens County District Court, Case No. CRF–91–55, with First Degree Manslaughter (21 O.S.1991, § 711.1). The trial judge denied her motion for certification as a child and bound her over for trial. *See* 10 O.S.Supp.1989, § 1104.2(C). This Court affirmed the trial court's ruling, and Mason .was tried as an adult for the offense of first degree manslaughter. The jury convicted her of the lesser included offense of Negligent Homicide (47 O.S.Supp.1988, § 11–903). In accordance with the jury's recommendation, the Honorable George W. Lindley, District Judge, imposed upon Mason a one. year term of incarceration in the county jail and a $1000.00 fine.

On April 22, 1993, Mason filed an application to be placed upon this Court's Accelerated Docket. *See* Rule 11.3, *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1990, Ch. 18, App. Propositions were presented to this Court in oral argument on September 30, 1993, and the case was taken under advisement. We now affirm Mason's conviction and sentence.

Late on the evening of March 2, 1991, in Duncan, Oklahoma, Mason was driving her car when she ran a stop sign and collided with another vehicle. The driver of the other vehicle suffered fatal injuries. Mason was found alone in her car at the scene of the accident, with part of her upper torso hanging out of the passenger window and her legs under the steering wheel.

Mason told a police officer who arrived at the scene that she had been at a party drinking. Her blood-alcohol level was .08. A girlfriend of Mason's who was in the car with her just before the accident testified that Mason had been speeding through stop signs with her headlights turned off. Evidence at the scene indicated that Mason's headlights were off when she entered the intersection at issue, and that she had been travelling approximately forty-five miles per hour upon impact. A person who witnessed Mason driving just prior to the accident testified that Mason failed to stop at that intersection.

Mason claimed she was not driving when the accident occurred, and implicated a young man who had been with her earlier in the evening. However, the young man had no apparent injuries and no witnesses had seen him at the scene of the accident. Further, the evidence indicated fibers embedded in the steering wheel of Mason's car matched the clothing Mason had been wearing that night.

In her first proposition, Mason claims the trial court erred in overruling her motion **in limine.** Mason wanted to prevent the State from introducing evidence that prior to the accident, she had been driving through stop signs with an open container and with her headlights turned off. The trial judge ruled that this evidence was properly admissible as part of the **res gestae** of the offense charged. We agree.

Evidence of a crime with which a defendant has not been charged may be admitted against that defendant if it constitutes part of the **res gestae** of the offense charged. *See Hiler v. State,* 796 P.2d 346, 348 (Okl.Cr. 1990). Other crimes constitute **res gestae** if they are "so connected with other offenses as to form a part of an 'entire transaction'...." [1]; have a logical or visible connec-

---

1. *Bruner v. State,* 612 P.2d 1375, 1377 (Okl.Cr.    1980).

tion to the offense charged[2]; "tend[ ] to prove a material fact in issue...."[3]; "show [defendant's] conduct as an occurrence forming an integral part of the transaction, ... which completed the picture of the offense charged"[4]; or, are "relevant to prove the essential elements of the offense charged as matters incidental to the main fact and explanatory of it."[5]

■ To support its theory of first degree manslaughter, the State had to prove that Mason was committing the misdemeanor "driving under the influence" at the time the accident occurred. *See* 47 O.S.Supp.1990, § 11–902(A)(2). *See also Whittmore v. State,* 742 P.2d 1154, 1157 (Okl.Cr.1987). Evidence that Mason had been driving with an open container in her car was directly relevant to the State's case, since it tended "to prove a material fact in issue...." *Brooks, supra,* 561 P.2d at 141. Evidence that Mason had been driving through stop signs without her headlights on was also probative on the predicate misdemeanor "driving under the influence." These acts evinced a recklessness which could very well have been the result of Mason's insobriety. Thus, they were also "relevant to prove the essential elements of the offense charged...." *Cooper, supra,* 765 P.2d at 1214. The fact that these acts coincidentally violated statutes other than the one Mason was charged with having violated did not render their admission under these circumstances improper. This proposition is denied.

In her second and final proposition, Mason claims the trial court did not have jurisdiction to instruct the jury on negligent homicide—an offense included in the one with which she had been properly charged, but for which she had not been specifically certified to stand trial as an adult.[6] Mason was seventeen years old when the accident occurred. She was therefore charged as an adult, pursuant to the reverse certification statute, with the enumerated offense of first degree manslaughter. *See* 10 O.S.Supp.1989, § 1104.2(A). Over defense counsel's objection, the trial court administered an instruction to the jury on the lesser included offense of negligent homicide. The jury found Mason guilty of negligent homicide.

■ Negligent homicide is not one of the section 1104.2 enumerated offenses for which a juvenile may be automatically certified as an adult. Mason contends that while section 1104.2 authorized the State to charge her as an adult for the enumerated offense of first degree manslaughter and empowered the district court to try and convict her of that offense, it did not grant the district court jurisdiction to convict her of the lesser offense of negligent homicide. While this is an issue of first impression in Oklahoma, several other jurisdictions have addressed this problem. We now adopt what has become the majority rule and hold that when a juvenile has been charged with and automatically certified to stand trial as an adult for an offense enumerated in section 1104.2(A), he or she may be properly convicted of any lesser included though not enumerated offense.

The majority rule was discussed at length in *Walker v. State,* 309 Ark. 23, 827 S.W.2d 637 (1992). The Arkansas Supreme Court found that of the six states which had addressed the issue, five concluded that "once a general jurisdiction court acquires jurisdiction of a juvenile, it may convict and sentence the juvenile for a lesser included offense which could not have been tried by that court in the first instance." *Id.,* 827 S.W.2d at 639. It appears that a combination of legislative intent and common sense guided the decisions reached by these courts.

Counterpoised against the majority rule is the Massachusetts rule. In *Metcalf v. Commonwealth,* 338 Mass. 648, 156 N.E.2d 649

---

**2.** *See supra* note 1.

**3.** *Brooks v. State,* 561 P.2d 137, 141 (Okl.Cr. 1977).

**4.** *Cooper v. State,* 765 P.2d 1211, 1214 (Okl.Cr. 1988), *overruled in part on other grounds, Williams v. State,* 794 P.2d 759, 763 (Okl.Cr. 1990).

**5.** *See supra* note 4.

**6.** The issue of whether or not a defendant may waive, and thereby preclude the trial court from instructing on a lesser included offense, was not raised in this appeal. This issue has not yet been decided by this court.

---

---

(1959), the Supreme Judicial Court of Massachusetts concluded that the court which had tried Metcalf for first degree murder could not punish him for the lesser included offense of second degree murder to which he pleaded guilty. A Massachusetts statute limited the lower court's jurisdiction to serious offenses committed by juveniles. Once Metcalf pled guilty to the less serious offense of second degree murder, jurisdiction was lost.

Oklahoma's Juvenile Code does not specifically address whether a juvenile charged as an adult under section 1104.2 may ultimately be convicted of a lesser offense not also enumerated in that section. However, the legislature has provided that the Code must be liberally construed to effectuate its policy "[t]hat the care and custody and discipline of the child shall approximate, as nearly as may be, that which should be given by its parents, and that, as far as practicable, any delinquent child shall not be treated as a criminal." 10 O.S.Supp.1982, § 1129(1). *See also D.M.T. v. Edmiston,* 560 P.2d 976, 977–78 (Okl.Cr.1977). Given the Code's protective purpose as well as general rules of statutory construction which require that it be construed to promote that purpose [7], we believe the legislature intended to allow a juvenile charged as an adult with a section 1104.2 enumerated offense to be convicted of a lesser, non-enumerated offense.

**7.** "Statutes are to be interpreted to produce a reasonable result and to promote, rather than to defeat, the general purpose and policy of the law." *Simpson v. State,* 827 P.2d 171, 174 (Okl. Cr.1992). "Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears, ...." 25 O.S.1991, § 1. *See also McGee v. State,* 815 P.2d 196, 198 (Okl.Cr.1991).

**8.** 22 O.S.1991, § 916 ("The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that [sic] which he is charged or of an attempt to commit the offense.").

**9.** Mason claims this Court's construction of certain Code provisions compels a determination that she may not be convicted of or punished as an adult for the offense of negligent homicide. Section 1112(A) allows district courts to exercise concurrent adult jurisdiction over juveniles charged with traffic offenses. Under this "traffic exception," juveniles charged with traffic offenses may—without any certification proceed-

The definition of "child" in section 1101.1 of the Juvenile Code excepts all sixteen and seventeen year-olds who are charged with an enumerated section 1104.-2(A) crime. Corresponding section 1104.2(A) provides that any sixteen or seventeen year-old who is "charged" with one of the enumerated offenses "shall be considered as an adult...." (Emphasis added). This language evinces the legislature's intention that the filing of the information be the event which triggers adult as opposed to juvenile jurisdiction under section 1104.2. Once jurisdiction over the juvenile is properly acquired, the district court may convict and sentence him or her for any lesser included offense. *See Walker, supra,* 827 S.W.2d at 639.

We believe the language as well as the spirit of the Code compel this result. Juveniles charged with and tried for section 1104.2 crimes would most likely benefit if their jury were presented with the option of returning a conviction for a lesser included offense. Without the lesser included offense option, a jury charged with the difficult task of deciding such a juvenile's fate might opt to convict of the more serious "index" crime rather than acquit. To deprive adult certified juveniles of lesser included offense instructions would also divest them of a statutorily guaranteed right [8] which the legislature in its effort to protect juveniles surely did not intend to take away.[9]

ing—be tried and convicted as adults. *See Fanshier v. City of Oklahoma City,* 620 P.2d 1347, 1349 (Okl.Cr.1980). Of course, such "uncertified" juveniles, even if convicted, may not be sentenced to any term of imprisonment. *Id.*

Negligent homicide is found in the traffic code and is technically a traffic offense. In *D.M.T. v. Edmiston,* 560 P.2d 976, 977 (Okl.Cr.1977), however, this Court held that because of the "stigma of criminality" which attaches to this serious offense, the legislature could not have intended that it be included in the section 1112(A) "traffic exception" offenses. Mason contends the legislature's intent as construed in *D.M.T.* and *Fanshier* is that she not be convicted of or punished as an adult for negligent homicide.

In 1985, the legislature responded to this Court's holdings in *D.M.T.* and *Fanshier* by amending the negligent homicide statute. *See* 47 O.S.1991, § 11–903. That amendment specifically allows any sixteen or seventeen year-old to be charged with negligent homicide. Thus, the legislature has made clear its intention that negligent homicide be placed within the section

Finally, we must address Mason's punishment for the crime of negligent homicide. The jury recommended and the judge imposed the maximum prison sentence of one year and the maximum fine of $1000.00. Mason offers two theories to support her claim that she cannot be imprisoned for negligent homicide. First, Mason argues that she could not have been certified to stand trial for negligent homicide and cannot, therefore, be punished as an adult for that offense. Negligent homicide is a misdemeanor, and a juvenile can only be certified to stand trial as an adult for an offense which would be a felony if committed by an adult. Secondly, Mason points to this Court's holding that certification proceedings are a prerequisite to imprisonment of a juvenile, arguing that because she was not specifically certified to stand trial as an adult for the offense of negligent homicide, she cannot be imprisoned for having committed it. *See Fanshier v. City of Oklahoma City,* 620 P.2d 1347, 1349 (Okl.Cr.1980).

■ Mason correctly states that a juvenile can only be certified to stand trial as an adult for an offense which would have constituted a felony if committed by an adult. 10 O.S.Supp.1989, § 1112(B). However, Mason was not certified to stand trial for the misde-

meanor offense of negligent homicide. Rather, she was properly charged as an adult and prosecuted for the greater offense of first degree manslaughter. A juvenile who is properly charged as an adult for an offense enumerated in section 1104.2(A) and whose reverse certification motion is subsequently denied, is considered certified as an adult for any lesser included, though non-enumerated offense.

■ Mason also correctly asserts that certification proceedings are a prerequisite to imprisonment of a juvenile. *See Fanshier, supra,* 620 P.2d at 1349. As we stated above, Mason could not have been certified to stand trial as an adult for the misdemeanor offense of negligent homicide. Again, however, she was properly charged as an adult under section 1104.2 for the greater offense of first degree manslaughter, and her subsequent reverse certification motion was denied. This certification procedure qualified under *Fanshier, supra,* as the prerequisite to imposing a prison term upon Mason—who was a juvenile when the offense was committed.

Our determination that Mason may be incarcerated will by no means result in the wholesale imprisonment of juvenile offenders.[10] Mason was charged with having com-

1112(A) traffic exception for sixteen and seventeen year-old offenders only. While this Court's holdings in *D.M.T.* and *Fanshier* still apply to those juveniles fifteen and under who technically commit negligent homicide, the legislature has overruled those holdings insofar as they affect sixteen and seventeen year-olds who commit that offense.

The legislature has clearly indicated its intention that sixteen and seventeen year-olds who commit negligent homicide are not to be treated more protectively than other section 1112(A) juvenile traffic offenders. Mason was seventeen years of age when she committed negligent homicide. The legislature's 1985 amendment to the negligent homicide statute was a clear expression of its intent that juveniles in her position should not be accorded special treatment. Accordingly, neither *D.M.T.* nor *Fanshier* prohibit Mason's conviction and punishment as an adult for the commission of negligent homicide.

**10.** We acknowledge that "there are differences which must be accommodated in determining the rights and duties of children as compared with those of adults." *Thompson v. Oklahoma,* 487 U.S. 815, 823, 108 S.Ct. 2687, 2692, 101 L.Ed.2d 702 (1988) (emphasis omitted). Our legislature, through enactment of the Juvenile

Code, has devised procedures whereby juvenile offenders are treated more protectively than adults. However, "crime prevention is a 'weighty social objective,' . . . and this interest persists undiluted in the juvenile context." *Schall v. Martin,* 467 U.S. 253, 264, 104 S.Ct. 2403, 2410, 81 L.Ed.2d 207 (1984) (citations omitted). Accordingly, our legislature has chosen to grant less protection to sixteen and seventeen year-olds who are charged with having committed certain serious offenses. *See* 10 O.S.Supp.1989, § 1104.2, *supra.* We have consistently upheld the standards set forth in this statute. *See Hain v. State,* 852 P.2d 744, 748 (Okl.Cr.1993). Further, we have found no Federal Constitutional prohibition upon a state legislature's right to treat some juvenile offenders less protectively than others. *See, e.g., Schall, supra,* 467 U.S. at 268 n. 18, 104 S.Ct. at 2412 n. 18 ("[T]he discretion to delimit the categories of crimes justifying detention, like the discretion to define criminal offenses and prescribe punishments, resides wholly with the state legislatures."). Mason was properly charged under a constitutionally sound statute. The procedures afforded her comport with the "fundamental fairness" demanded by the Due Process Clause." *Schall,* 467 U.S. at 263, 104 S.Ct. at 2409.

mitted a section 1104.2 enumerated offense when she was seventeen years old, and was convicted of a lesser included, non-enumerated, but very serious misdemeanor. Though she perfected the most expeditious appeal available to this Court, she is currently over eighteen years of age and will therefore serve her sentence as an adult. Clearly, Mason represents but a small class [11] of putative juvenile offenders who will be found eligible to serve prison sentences.[12]

In conclusion, we hold that juveniles who are charged with and automatically certified to stand trial as adults for offenses enumerated in section 1104.2 may be convicted of any lesser included, non-enumerated offense. We further hold that a prison sentence may be imposed upon such juveniles. Mason, who was charged as an adult with first degree manslaughter pursuant to section 1104.2, was thus properly convicted of the lesser included offense of negligent homicide and properly sentenced to a one year term of incarceration in the county jail and a $1000.00 fine.

Judgment and Sentence is **AFFIRMED.**

LUMPKIN, P.J., concurs.

LANE, J., concurs in result.

JOHNSON, V.P.J., and STRUBHAR, J., concur in result and join LANE, J.

LANE, Judge, concurring in result.

I agree with the court when it finds that a person 16 to 18 years of age charged with an offense subject to reverse certification may be found guilty of a lesser included offense. I also agree that the appellant in this case may be punished by incarceration in the county jail. However, I do not believe that the reasoning of the majority as to the sen-

tence is appropriate in this matter due to the special circumstances of this case.

I disagree with the court in its finding that the legislature intended to include negligent homicide in the traffic exception of Section 1112(A) of the Title 10 when it amended 47 O.S.1981 § 11–903 in 1985. I believe that if that were their intent they would have amended Section 1112(A). I am convinced that by the amendment they authorized the prosecution of a person between the ages of 16 and 18 for the offense of negligent homicide outside of the provisions of the juvenile code. I reach this conclusion because a literal reading of the statute does not allow for reverse certification to the juvenile division of the trial court under provisions of 10 O.S. 1991, § 1104.2 and does not require certification as an adult under 10 O.S. § 1112. At the time of the amendment the legislature knew what the punishment for the offense was and intended that it would apply to a 16 to 18 year old being convicted for the crime. Therefore, I would affirm the sentence for a reason different from the majority.

I realize that by taking this position I am leaving open the question of whether or not a person 16 to 18 years old may be incarcerated after being convicted of any other lesser included non index crime. I think that issue should be determined when the proper fact situation is presented. I am authorized to say Judge JOHNSON and Judge STRUBHAR join in this special vote.

### ORDER DENYING PETITION FOR REHEARING

Karrie Sue Mason was seventeen years old when she was tried as an adult for the offense of first degree manslaughter (21 O.S. 1991, § 711.1) in the District Court of Ste-

---

**11.** This otherwise small class of juvenile offenders could possibly grow larger if district attorneys overcharged sixteen and seventeen year-olds with section 1104.2 offenses in hopes of bypassing the section 1112 certification procedures. However, we are confident that district attorneys faced with the opportunity to abuse their discretion in this manner will not do so. *See also Walker v. State, supra,* 827 S.W.2d at 641 (acknowledging the opportunity for prosecutors to overcharge but refusing to assume that they would be willing to commit such an ethical violation). We also note that any juvenile who feels

they have been overcharged in this manner may raise the issue in this Court in the context of the mandatory reverse certification procedure set forth in section 1104.2(C).

**12.** These offenders will most likely have reached the age of majority by the time their appeals are processed. If we were to conclude that they were not amenable to adult sanctions, their crimes—sometimes frighteningly serious as is evidenced by this case—would go unpunished.

phens County in Case No. CRF–91–55. The jury convicted her of the lesser included offense of Negligent Homicide (47 O.S.Supp. 1988, § 11–903). In accordance with the jury's recommendation, the Honorable George W. Lindley, District Judge, sentenced Mason to serve one year in the county jail and imposed a $1000.00 fine.

By its January 21, 1994 published opinion, this court affirmed Mason's conviction on the lesser included offense of negligent homicide and her sentence. Mason is now before the court on a Petition for Rehearing, which is governed by Rule 3.14, *Rules of the Court of Criminal Appeals*, 22 O.S.Supp.1993, Ch.18, App. According to Rule 3.14, a Petition for Rehearing shall not be filed as a matter of course, but only for two reasons:

(1) That some question decisive of the case and duly submitted by the attorney of record has been overlooked by the Court, or

(2) That the decision is in conflict with an express statute or controlling decision to which the attention of this Court was not called either in the brief or in oral argument.

Mason raises essentially two propositions in her Petition for Rehearing. Both fail to meet the criteria set forth in Rule 3.14. Accordingly, these propositions will not be addressed.

**IT IS THEREFORE THE ORDER OF THE COURT** that the Petition for Rehearing filed herein be **DENIED.**

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 24th day of February, 1994.