**Devon Chonte MAXEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–95–369.**

Court of Criminal Appeals of Oklahoma.

Aug. 21, 1996.

Beverly Atteberry, Assistant Public Defender, Tulsa, for Appellant at trial.

John Priddy, Asst. District Attorney, Tulsa, for the State at trial.

Paula J. Alfred, Assistant Public Defender, Tulsa, for Appellant on appeal.

W.A. Drew Edmondson, Attorney General, Steven E. Lohr, Assistant Attorney General, Oklahoma City, for the State on appeal.

## SUMMARY OPINION

LUMPKIN, Judge:

Appellant Devon Chonte Maxey was convicted by a Tulsa County jury in Case No. CF–93–5287 of Murder in the Second Degree (21 O.S.1991, § 701.8). The jury recommended he be sentenced to seventy-five (75)

years imprisonment. The trial court sentenced accordingly. It is from this judgment and sentence that Appellant appeals.

Appellant raises the following propositions of error in support of his appeal:

I. Under then existing law the trial court was without jurisdiction to sentence the defendant as an adult on the crime of second degree murder;

II. The trial court erred in admitting over objection evidence which had not been produced pursuant to an Allen request;

III. The defendant was deprived of effective assistance of counsel which requires reversal or in the alternative remand for an evidentiary hearing;

IV. Prosecutorial misconduct deprived the defendant of a fair trial within the meaning of due process;

V. Failure to correctly instruct on second degree murder is fundamental error requiring reversal.

After a thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts and briefs of the parties, we have determined that neither reversal nor modification is required under the law and evidence. Accordingly, Appellant's conviction is AFFIRMED. We publish to address Appellant's first proposition of error, which presents an issue of first impression.

Appellant, fifteen years old at the time of the crime, was certified as an adult based on the felony crime of first degree murder pursuant to 10 O.S.Supp.1993, § 1112.[1] At the conclusion of the trial, the jury found him guilty of second degree murder.[2] Appellant contends the court was without jurisdiction to sentence him as an adult on the convicted charge, as he had never been certified as an adult based on this charge.

Appellant acknowledges this Court in *Mason v. State*, 868 P.2d 724, 726 (Okl.Cr.1994),

held the district court did not lose jurisdiction when a defendant charged with a reverse-certification crime was convicted of a lesser-included, non-reverse-certification crime. He argues, however, that the language of the certification statute is sufficiently different from that of the reverse certification statute to render *Mason* devoid of precedential value.

■ At the time of Appellant's proceedings, the applicable statutes read:

When used in this title, unless the context otherwise requires:

1. "Child" means any person under eighteen (18) years of age, except for any person sixteen (16) or seventeen (17) years of age who is charged with any crime specified in subsection A of Section 1104.2 of this title, or who has been certified as an adult pursuant to Section 1112 of this title; provided that any person under eighteen (18) years of age who is not convicted after being charged with a crime pursuant to Section 1104.2 of this title, or who is not convicted after certification as an adult pursuant to Section 1112 of this title, shall continue to be subject to the jurisdiction of the juvenile court....

10 O.S.Supp.1993, § 1101(1). Appellant points to subsequent changes in the statute which provide a further exemption from the definition for any person thirteen years or older who is charged with first degree murder under the reverse certification procedure, *see* 10 O.S.Supp.1995, § 7301–1.3(4), as evincing a legislative intent that a person convicted of a lesser included offense not be eligible for prosecution in the adult system. We disagree. To so hold would be to ignore the plain language of *Mason*, which specifically addresses that question.

■ Further, and more importantly, Appellant was not ordered to stand trial as an adult under the provisions of the reverse certification statute, Section 1104.2 of Title 10; he was certified to stand trial as an adult

---

1. The laws dealing with juvenile delinquency and certification have been recodified and modified. *See generally* 10 O.S.Supp.1995, §§ 7001–1.1 through 7307–1.7. The particular statute dealing with certification is now found at 10 O.S.Supp. 1995, § 7303–4.3.

2. The second degree murder instructions were given by the court at the request of the prosecution. Appellant did not object; in fact, he requested—and the court gave—instructions on the lesser included offense of first degree manslaughter.

under 10 O.S.Supp.1993, § 1112, which provided:

(A) Except as otherwise provided, a child who is charged with having violated any state statute or municipal ordinance other than those enumerated in Section 1104.2 of this title, shall not be tried in a criminal action but in a juvenile proceeding. . . .

(B) Except as otherwise provided by law, if a child is charged with delinquency as a result of an offense which would be a felony if committed by an adult, the court on its own motion or at the request of the district attorney shall conduct a preliminary hearing to determine whether or not there is prosecutive merit to the complaint. If the court finds that prosecutive merit exists, it shall continue the hearing for a sufficient period of time to conduct an investigation and further hearing to determine the prospects for reasonable rehabilitation of the child if he should be found to have committed the alleged act or omission.

Consideration shall be given to [various factors not relevant to this discussion].

After such investigation and hearing, the court may in its discretion proceed with the juvenile proceeding, or it shall state its reasons in writing and shall certify that such child shall be held accountable for his acts as if he were an adult and shall be held for proper criminal proceedings for the specific offense charged, by any other division of the court which would have trial jurisdiction of such offense if committed by an adult. . . .

From the plain language of the statute, a court has the option of certifying a juvenile to stand trial as an adult if he has committed any "offense which would be a felony if committed by an adult." Unlike the reverse certification statute, which is offense-specific and under which the filing of an information "automatically" certifies a juvenile as an adult, *see Mason*, 868 P.2d at 726, the certification statute is not offense-specific. So long

as a juvenile commits an offense which would be a felony if it were committed by an adult and the statutory criteria dealing with certification are met,[3] that juvenile can be made to stand trial as an adult. The potentially broad sweep of this language weakens, rather than strengthens, Appellant's argument.

■ Appellant points to the language in Section 1112 which provides that the court can order the defendant held "for proper criminal proceedings for the specific offense charged," arguing the "charged" language supports his position. Again, we do not agree. Rather, we read that as a protection against a prosecution's being able to amend the charge once the juvenile has been certified to stand trial as an adult.

Appellant also argues language in subsection (d) of Section 1112 supports his argument. That language read:

D. Any child who has been certified to stand trial as an adult pursuant to any certification procedure provided by law and is subsequently convicted of the alleged offense or against whom the imposition of judgment and sentencing has been deferred shall be tried as an adult in all subsequent criminal prosecutions, and shall not be subject to the jurisdiction of the juvenile court in any further proceedings.

He argues this language shows a legislative intent the adult system cannot maintain jurisdiction over him should he be convicted of a crime other than "the alleged offense." Were it not for the language elsewhere in the statute, this argument would have more weight. However, it is clear the Legislature was focused here on the disposition of the juvenile after the initial certification and subsequent conviction, not on the ability of the district court to maintain jurisdiction.

Additionally, it should be noted that Appellant meets the definition of "non-child" as set forth above. He was certified as an adult pursuant to Section 1112; and was "convicted after certification as an adult pursuant to Section 1112 of this title."

**3.** This writer dissented to this Court's order affirming the district court's decision to certify Appellant as an adult. Nonetheless, that is now *res judicata.* The issue is no longer whether Appellant should have been in adult court in the first place: the issue is whether, once there, he should remain there.

As with *Mason,* the focal point here is not whether the "adult division" of the district court initially had jurisdiction; clearly, it did. Rather, the focus is whether the court, once having obtained that jurisdiction, lost it when Appellant was convicted of a lesser included felony. Persuasive language in *Mason* itself disposes of this argument. *See Id.* at 727 ("Once jurisdiction over the juvenile is properly acquired, the district court may convict and sentence him or her for any lesser included offense."). And, like *Mason,* to hold otherwise would deprive a criminal defendant of the right to be convicted of a lesser included offense, and could increase the possibility of a factfinder's being forced to find guilt on a greater charge than would otherwise be found. *See Id.* at 727. Accordingly, Appellant's first proposition is without merit.

Concerning Appellant's request for an evidentiary hearing to further pursue claims of ineffective counsel, we find Appellant has failed to rebut the strong presumptions of regularity of trial proceedings and competency of trial counsel, *See Strong v. State,* 902 P.2d 1101, 1103 (Okl.Cr.1995), and the affidavit of appellate counsel does not contain sufficient information to show this Court by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence. *Id.* Accordingly, the request for an evidentiary hearing is **DENIED.**

### DECISION

The Judgment and Sentence of the trial court is **AFFIRMED.** The request for an evidentiary hearing is **DENIED.**

JOHNSON, P.J., CHAPEL, V.P.J., and LANE and STRUBHAR, JJ., concur.